UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES E. HOWELL,

        Plaintiff,

                                        CASE NO. 1:13-CV-1276

v.

                                        HON. ROBERT J. JONKER

KEVIN D. CORNING, *et al.*,

        Defendants.

_____/

**ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION AND
APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 32) and Plaintiff's Objections to the Report and Recommendation (docket # 33, 34). Plaintiff's first two objections focus principally on the Magistrate Judge's earlier-filed order denying Plaintiff's combined motion to stay summary judgment and for permission to seek discovery. (docket ## 31, 34.) These two objections amount to an appeal of the Magistrate Judge's Order denying the combined motion, and the Court construes them as such. In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72.2 (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the

definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  The Court finds no error in the Magistrate Judge's decision to deny Plaintiff's combined motion to stay summary judgment and for permission to seek discovery.  On the contrary, the Court finds the Magistrate Judge's decision entirely proper, for precisely the reasons the Magistrate Judge details in the Order.

In his final objection (docket # 33, 34), Plaintiff asserts that the Magistrate Judge reached the wrong conclusion on the merits in the Report and Recommendation.  Plaintiff argues that there is a genuine issue of material fact concerning whether Defendants were deliberately indifferent to his serious medical needs.  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiff disagrees with the Magistrate Judge's conclusions and contends that the Report and Recommendation did not sufficiently address alleged delays in Plaintiff's receipt of medical care. The Report and Recommendation carefully details the record evidence and accurately applies the law. Plaintiff's arguments are unpersuasive and do not affect the fundamental analysis the Report and Recommendation delineates. For the very reasons described in detail in the Report and Recommendation, the Court concludes that Defendants Corning, Czop, Burke, and Corizon are entitled to summary judgment in their favor on Plaintiff's federal claims.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 32) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED:**

1. The Magistrate Judge's Order Denying Motion to Stay and for Discovery (docket # 31) is **AFFIRMED**.

2. Defendant Corning's Motion for Summary Judgment (docket # 14) is **GRANTED** to the extent Defendant Corning seeks summary judgment on the federal claims and is **DISMISSED AS MOOT** in all other respects.

3. Defendants Czop, Burke, and Corizon's Motion for Summary Judgment (docket # 21) is **GRANTED** to the extent Defendants Czop, Burke, and Corizon seek summary judgment on the federal claims and is **DISMISSED AS MOOT** in all other respects.

4. Plaintiff's state law claims against Defendants are **DISMISSED** under 28 U.S.C. § 1367.

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:     March 17, 2015            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE